## FOGGETTE v. GAFFNEY.

1. There was no appealable error in the statement by the judge, that a cause of action ruled out at the trial was "in merely as a matter of evidence," where the case was closely limited to the cause of action upon which alone the trial was had.

2. Under the issue of the statute of limitations, is a letter from the administrator of the debtor to the attorney of the creditor admitting some indebtedness, admissible in evidence?

3. In action against the administrator of a deceased debtor to recover the value of work done in building and repairing houses, plaintiff may testify as to what work was done by him on the premises of intestate in intestate's presence.

4. The charge in this case was not a charge upon the facts.

5. The onus of proving facts sufficient to sustain the plea of the statute of limitations rests upon the party who makes the plea. Where the defendant makes the plea, and it appears that the work was completed in the spring of 1879 or 1880, and that the debtor died intestate in March, 1886, and it is not shown that letters of administration were granted prior to July, 1886, and action was commenced within the year thereafter as provided by law, the defendant fails to make good his plea.

Only result concurred in.

Before HUDSON, J., Spartanburg, March, 1889.

This was an action by Emanuel Foggette against W. W. Gaffney and F. B. Gaffney, administrators of W. W. Gaffney, deceased, commenced in June, 1887. The trial judge charged the jury as follows:

I will endeavor briefly to explain the law bearing upon this contract. Counsel in the argument sometimes will say that the

judge ruled such and such out. In this case it is the statute law that where a man dies, his mouth being sealed in death, the surviving contracting party has his mouth sealed by the law, and cannot speak, so as to put the two on an equality. The one is dead; he cannot say anything about the contract. The man living can say nothing about the contract with that dead person. It is the law, the statute, and you can see good sense and reason in it. Hence this present plaintiff, who is bringing action against a dead man's estate, is not under the law allowed to say anything about the transaction with or a communication with the deceased. Therefore his testimony, as you saw, was very much restricted. In order to establish his claim it was competent for him to say that he did work of a certain character at a certain time on property in the possession of the deceased, which work extended over a period of a certain time, a year or more, during which time the deceased was present and necessarily aware of what was going on. He was allowed to state his estimate of the value of that work. Whether he contracted with Gaffney, the deceased, upon what terms he contracted with the deceased Gaffney, he could not say.

But it is a rule of law. based upon common sense—and law is all supposed to be so based—that if one allows work to be done for him with his knowledge, and voluntarily accepts the benefit of it, uses it as it were, the law implies a promise to pay for it on the part of the man who is thus benefited and receives the benefit. So that if you come to the conclusion that the present plaintiff did do the work, and that it was done upon the property of Mr. Gaffney with Mr. Gaffney's knowledge, before his eyes, running over a period of so many months, work of a certain character, the building of houses, and the repairing of houses, if you come to the conclusion from that fact that Mr. Gaffney assented to it, and infer therefrom that it was done at his special instance and request, and you have a right to find any facts from positive testimony, then you have the contract implied on the part of Mr. Gaffney to pay for it.

Then the next material question is, What was the work worth? This plaintiff has given you the testimony, and puts the estimate of all the work that he did there up to $490, as I remember.

He admits that he received a payment on that of $80, and another one of $16.92 or $18.92, and board at ten months, worth $100, making in all $198 and a few cents, and leaving a balance due him of the difference between $490 and $198, and for that he asks payment.

Now, let us see what the defence is. The first defence is that this work was done a long time ago, before the death of Mr. Gaffney; that before his death a part of it at least was barred, that which was done in 1877 and 1878 was barred by the statute of limitation, to wit, six years, and that all of it was barred by the statute of limitations before the administrators were sued. Now, I will explain to you that whatever was the cause of action accrued to the present plaintiff against Mr. Gaffney for six years complete or more than six years before Mr. Gaffney's death is barred by the statute of limitations. For instance: if he built a house for him in 1877, or in 1878, or in 1879, for Mr. Gaffney, if you find from the evidence that he died in March, 1886, the bar of the statute against that would be complete. In other words, it is out of date, more than six years. The six years would be complete, you see, against anything prior to the 16th March, 1886. I mean the statute would be six years back, anterior to March 16th, 1886.

Now, then, if there was any of it done in the year 1880, we will see how the statute would run. He died, if you believe the evidence, and it is uncontradicted, 16th March, 1886. The statute would not run for nine months—would be stopped. Now, take work that was complete in the spring of 1880, the completion of six years would be the spring 1886, some time along there. Now, the deceased died in March; if it was not complete then, then the party would have a right to six years and nine months. That would carry it up nearly to or about—I have been saying the 16th of March; it is the 26th—that would carry it up to about the 26th of January, 1887. This action was commenced in June, 1887, six months later; so that you see you would have the six years more than complete against anything that was actionable in the early spring of—any time in the spring of 1880. According to your findings of fact, if these demands for work and labor done, if that was as far back as the spring of

1880, then under that law they would stand barred. Claims for the work done by the spring of 1880 would be barred by the statute.

Now, how does the plaintiff save himself against that? He attempts to save himself, claims to save himself against the bar of the statute, by proof that here in the town of Spartanburg, as late as ten days before the death of Mr. Gaffney an interview was overheard betwixt them, in which Mr. Gaffney acknowledged his indebtedness to Mr. Foggette and made a partial payment. The oral or verbal acknowledgment would not be enough, but the payment would. If a payment was made, now, at that time upon any of the building contracts, I mean upon a building contract— if the payment, in other words, was made upon the statement of the account betwixt the two, it would save the bar of the whole account. And you will see, now, it becomes a material question for you to determine from the evidence what that payment of $80 in Mr. Foggette's room was made upon. Was it made for any balance due for the building? Or was it made upon some land contract? The expression of the witness is that it was upon land.

You see we have the absence of proof. Mr. Foggette could not testify as to any contract with the deceased. Now, was it upon these old matters, building contract, land contract? Or was it upon the land contract alone, or land contract, or a building contract, or what was it? If it was a payment of a balance for this building, then the bar of the statute does not come in. If that payment was made upon something else, then it cannot affect this building contract, and unless that payment is found by you to be upon a part payment of the building contract, then if you find that all the building was done prior to the spring of 1880, more than six years have elapsed before the commencement of this suit. So, how you will apply that payment, and how you will interpret that evidence, is for you, and it is for you to say under all this evidence whether this claim is barred or not.

If you come to the conclusion that it was not barred, then you have to ascertain the amount due to this plaintiff. And upon that I can be of no help to you at all, because the plaintiff and his witnesses fix the amount or testify so and so in regard to it,

and the defendant's witnesses give different testimony. They differ as to the length of time that he boarded; they differ as to the price of the board; and differ as to the value of the work. You will have to solve that problem when you come to ascertain the amount of the account, and find for the plaintiff whatever amount he is entitled to, unless you come to the conclusion that the account is barred. If you come to the conclusion that the whole account, whole matter, is barred, you will simply say, "We find for the defendant." But if you come to the conclusion that it is not barred by the statute of limitation, you will find for the plaintiff whatever amount in your opinion is proved to be due. Hand the record to the jury. If you find for the plaintiff, you will just fix the amount. If you find for the defendant, say, "We find for the defendant."

The jury rendered a verdict for $220 in favor of plaintiff. A motion for a new trial was made by defendants on the ground, among others, that there was no testimony whatever to sustain the verdict, and it would be error of law to refuse to grant the motion for a new trial. This motion was refused, and defendants appealed.

*Messrs. Bomar & Simpson*, for appellants.

*Mr. Stanyarne Wilson*, contra.

September 29, 1890. The opinion of the court was delivered by MR. JUSTICE MCGOWAN. On March 26th, 1886, W. W. Gaffney, sr., died, and the defendants administered upon his estate. In June, 1887, this action was brought against them by the plaintiff for the recovery of an account ($750) alleged to have been due to him by the intestate. Two causes of action were set out in the complaint: 1st, for the balance due for building certain houses as a carpenter; and 2nd, for a sum of money due the plaintiff as damages for breach of contract in the purchase and sale of certain lots of land in Gaffney City, &c. The defendants denied the whole claim, answering that if plaintiff ever had any demand against the intestate, either for work done or for money

received from the sale of lots as stated, the same had long since been paid in cash and by the board and lodging of the plaintiff by the intestate, about the time the account claimed is alleged to have been contracted, and the defendants insist that the plaintiff is now and was before the commencement of the action indebted to them, as administrators, on a counter-claim for said board and lodging and cash in the sum of $600. Further, that if there was any agreement as to lots of land between plaintiff and the intestate, the same was and is void under the statute of frauds; and also pleading the statute of limitations.

A motion was made to require the plaintiff to elect upon which cause of action he would stand, and the motion being granted, the plaintiff elected to proceed on the cause of action for building the houses referred to—the judge, as stated, ruling: "I will hold that the only thing you can recover in this action, for work and labor done, is the balance due, and that is all you ask, and that this other is in merely as a matter of evidence."

It appeared that plaintiff did work for the intestate covering a considerable period, completed about the spring of 1880; that the evidence was conflicting as to its value, the board and lodging, &c.; that the intestate died March 26th, 1886, and the action was brought against the administrators in June, 1887. The judge charged that if the work was completed before the spring of 1880, the action was barred, unless the bar was prevented by some intermediate act or acts of the intestate. There was evidence tending to show that the intestate, a short time (about ten days) before his death, acknowledged his indebtedness to the plaintiff and made a payment of $80 thereon. Upon that point, as to preventing the bar, the judge charged as follows: "The oral or verbal acknowledgment would not be enough, but the payment would. If a payment was made at that time upon any of the building contracts; if, in other words, the payment was made upon the statement of the accounts betwixt the two, it would save the bar of the whole account, and you will see now it becomes a material question for you to determine from the evidence, what that payment of $80 was upon. Was it made upon any balance due for the building, or was it made upon some land contract? The expression of the witness is, that it was upon

land. * * * If it was a payment of a balance for the building, then the bar of the statute does not come in. So how will you apply that payment? It is for you to say, under all the evidence, whether this claim is barred or not," &c.

The jury found a verdict for the plaintiff, and the defendants appealed, charging error, upon the following grounds, viz. :

I. In ruling that so much of plaintiff's complaint as related to land contracts between plaintiff and defendants' intestate should not be stricken out, but should remain "in as a matter of evidence," and in allowing the introduction of testimony upon such issues.

II. In allowing the introduction of the letter written by one of the defendants to plaintiff's counsel.

III. In allowing the plaintiff to testify as to transactions between himself and defendants' intestate.

IV. In charging the jury upon the facts of the case.

V. In charging the jury upon the value of the work done in such manner as necessarily to leave upon their minds the impression that the only testimony they should consider was the plaintiff's testimony, and that they should be governed by that.

VI. In not charging the jury distinctly that if they believe the testimony in the case, more than six years had expired since the completion of the work alleged to have been done in 1877 and also in 1880, and no payment having been proved to have been made on either of said claims, they were both barred by the statute of limitations.

VII. In submitting to the jury the question whether the payments proved to have been made were made on the building contracts or on the land contract, and instructing them that if the payment was "made upon the statement of the account betwixt the two," it would save the whole account, when there was not a tittle of proof showing that said payments were made on any other account than the alleged land transactions.

VIII. In refusing a new trial, when there was no evidence whatever to sustain the verdict.

IX. In not at least granting a new trial, unless the plaintiff would remit all of his recovery except the sum of $140, the whole of the alleged claims being only $520, and the plaintiff having

alleged in his complaint that he had received $380 thereon, &c.

As to the first exception, the matter charged as error did not in any way affect the case. In giving his reason for confining the plaintiff to his cause of action for work and labor, the judge is reported to have said, "The other is in merely as a matter of evidence." We confess we do not clearly understand it, and think there must be some mistake in reporting his words. But whether or not, the case clearly shows that the statement of the cause of action referred to was not used "as a matter of evidence" to the detriment of the defendants, but the testimony was carefully restrained and limited to the cause of action for work and labor.

The last exception seems to be founded on a misapprehension, for, as we understand it, the $300 had reference to the lots of land referred to, and was allowed in the statement of the account as a credit only against a charge of $650, which, as alleged, they had been sold for. But both the charge and credit were outside of the issue tried. The admission of a credit of $300, the price of the lots, could not, of course, be disconnected from the charge of what, as alleged, they were sold for.

As to the second exception. It seems that plaintiff's attorney, before he brought suit, wrote a note to the administrators upon the subject of the claim, and one of them answered that probably something was due to the plaintiff from the estate, but that they could not pay him anything until there was a settlement. We cannot say that the admission of this letter in evidence was error of law.

As to the third exception, it is not stated in what respect the plaintiff was allowed to testify as to "transactions" between himself and the defendants' intestate. We have read the whole "Brief" carefully, and we think all testimony inadmissible under section 400 of the Code was properly excluded. It is true, the plaintiff was allowed to testify as to what work was done on the lot and about the premises of the intestate, while he was at home and could not have been ignorant of the fact. But, as we understand it, that was not necessarily "a transaction" with the intestate, now dead. "The plaintiff's testimony was not incompetent under section 400 of the Code, as he only testified to acts of his

own, with which he in no way by his own testimony attempted to connect the deceased—such connection being made by another witness." *Rookhart* v. *Dean*, 21 S. C., 597.

Exceptions 4 and 5 complain that the judge violated his constitutional duty in charging upon the facts. We have read the whole charge carefully, and we cannot say that the judge trespassed upon the jury by charging improperly upon the facts. The matter was somewhat complicated, and he took pains to explain it.

Exceptions 6 and 7 complain that it was error of law to submit to the jury the question whether the payment of $80 made by the intestate was on the account for work and labor, or the demand growing out of the alleged parol agreement as to the lots of land, or upon a statement of the whole account between the parties; with the instructions that if the payment was made upon the building contracts, or upon a general statement embracing that account, then it would prevent the bar of the statute; but if it was made only upon the claim growing out of the sale of the lots (not involved in this case), it would not prevent the bar.

We cannot say that this was error of law; and the question of fact, which necessarily controlled the result, was fully and carefully explained to the jury, whose exclusive province it was to decide it. With full instructions they have done so, and we are without authority to review their decision.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE SIMPSON. I concur in the result, as I do not think the statute of limitations is a bar to the action.

MR. JUSTICE McIVER. While I concur in the result reached in this case, I prefer to rest my conclusion upon a different ground from that which is taken in the opinion prepared by Mr. Justice McGowan, as I cannot concur in some of the views which he there presents, especially in what he says in reference to the second exception, which, it seems to me, is in conflict with the decision of this court in the case of *Bolt* v. *Dawkins*, 16 S. C., 198. But as the objection to the testimony referred to in that excep-

tion was withdrawn, the exception should have been overruled on that ground.

Without, however, referring to any other matters, it seems to me sufficient to say that the defendants having wholly failed to sustain their plea of the statute of limitations, which was in fact their only defence raising any question of law, we are bound to sustain the judgment below, even though we may not be able to concur in all the views presented. As I understand it, when a party sets up as a defence the statute of limitations, he is bound to show clearly and distinctly that the action has not been commenced within the time prescribed by the statute. Now, in this case the cause of action certainly did not accrue until the work had been completed, there being no evidence of any special contract to the contrary. According to defendants' own testimony, the work was completed either in the spring of 1879 or 1880, and under the rule the plaintiff has a right to demand that we shall assume that the work was completed in the spring of 1880. Hence the plaintiff had a right of action on the implied contract until the spring of 1886—the statutory limit in a case of this kind being six years.

But as the intestate died on the 12th of March, 1886. before the expiration of that period of time, section 123 of the Code expressly provides that the action may be commenced against his administrators after the expiration of the six years, "and within one year after the issuing of letters testamentary or of administration." Strange to say, however, it does not appear in the "Case" when the letters of administration were granted to the defendants in this action, though the only inference that can be drawn from what is there stated is, that they were granted not later than some day in July, 1886 ; for we find that the defendants on the 21st of that month published a notice to creditors to present their claims, and the inference is that they had then lately received letters of administration. Assuming, then, that the letters had been issued as early as the 1st day of July, 1886, the plaintiff would have been entitled, under the provisions of the Code above cited, to bring his action at any time within one year from that date—any time before the 1st day of July, 1887, and it is admitted that the present action was commenced some time in

the month of June, 1887.   It seems to me clear, therefore, that
the defendants, even according to their own testimony, have failed
to sustain their plea of the statute of limitations.

To avoid misapprehension, I desire to add that it does not ap-
pear that any such question as that presented in the recent case
of *Fleming* v. *Fleming*,[1] was raised in this case, and hence it has
not been deemed appropriate to consider it here.

Judgment affirmed.

---

[1] Not yet filed when this case was put to press.   It will probably be filed
in time to be included in this volume.—REPORTER.