9416

JEFFORDS v. MULDROW.

(89 S. E. 357.)

WITNESSES—COMPETENCY—TESTIMONY AS TO TRANSACTIONS WITH PERSONS SINCE DECEASED.—Under Code Civ. Proc., sec. 438, providing that no party shall be examined in regard to any transaction or communication between himself and a person at the time of such examination deceased, against a party defending as executor, etc., of such deceased person, testimony of a party, setting up a counterclaim for goods sold and delivered to a person since deceased that items in his books of original entry were made by him is not incompetent, since it relates only to his own acts.

Before PRINCE, J., Florence, Spring term, 1915. Reversed.

Action by S. E. Jeffords, as administrator of the estate of Mrs. E. R. Gee, against J. F. Muldrow. Judgment for plaintiff, and defendant appeals.

*Messrs. Willcox & Willcox* and *Hicks & Muldrow* and *S. M. Wetmore,* for appellant, cite: Code Civ. Proc., sec. 438; 11 S. C. 549; 26 S. C. 160; 38 S. C. 166.

*Messrs. McNeill & Oliver* and *D. Gordon Baker,* for respondent, cite: Code Civ. Proc., 438; 11 S. C. 549.

June 30, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action on a promissory note, alleged to have been made by the defendant, in favor of plaintiff's intestate. The defendant, who is engaged in merchandising, set up a counterclaim for goods sold and delivered, by him to the intestate. His Honor, the presiding Judge, ruled that section 438 of the Code of Civil Procedure rendered the defendant incompetent as a witness to prove that the items in his books of original entry were made by him, on the

ground that such testimony related to a transaction between him and a person deceased at the time of such examination. The defendant appealed upon a single exception, raising the question whether said ruling was erroneous. In the case of *Rookhart* v. *Dean,* 21 S. C. 597, the Court said:

"Plaintiff's testimony was not incompetent under section 400 (now section 438) of the Code, as he only testified to acts of his own with which he in no way, by his own testimony, attempted to connect the deceased, such connection being made by another witness."

It was held in *Foggette* v. *Gaffney,* 33 S. C. 303, 12 S. E. 260, that in an action against the administrator of a deceased debtor, to recover the value of work done in building and repairing houses, plaintiff had the right to testify, as to what work was done by him on the premises of intestate, in intestate's presence, on the ground that such testimony related alone to his own acts, with which he did not, by such testimony, attempt to connect the deceased. In *Williams* v. *Mower,* 35 S. C. 206, 14 S. E. 483, it was held that section 400 (now 438) of the Code does not prohibit the plaintiff from testifying to the fact that he had conversations with defendant's intestate as to a certain matter, and when, where, and in whose presence such conversation was had; the statements of witnesses, or of deceased not being disclosed. It was held in *Trimmier* v. *Thompson,* 41 S. C. 125, 19 S. E. 291, that testimony by plaintiff to the effect that defendant's intestate knew that the plaintiff had done certain printing, for which he, the plaintiff, has sued, and the amount of the account therefor; that defendant's intestate had brought the work to plaintiff's office, and was there every day while the work was being done—was not incompetent, it not being made to appear, that the plaintiff knew these facts, by communications from the deceased. In *Sullivan* v. *Latimer,* 38 S. C. 158, 17 S. E. 701, it was held that the word "transaction" in the Code implies mutuality; something done by both in concert, in which both take some

part. See, also, *Richards* v. *Munro,* 30 S. C. 284, 9 S. E. 108; *Griffin* v. *Earle,* 34 S. C. 246, 13 S. E. 473; *Marshall* v. *Mitchell,* 59 S. C. 523, 38 S. E. 158; *Dyson* v. *Jones,* 65 S. C. 308, 43 S. E. 667. The testimony offered by the plaintiff was preliminary in its nature, and was merely intended to lay the foundation, for the introduction of the books in evidence, for the purpose of proving by the books, and not by the testimony of the defendant, the transaction between him and the intestate. The entry of the items of account by the defendant, in his books of original entry, was not the act of both parties to the transaction, but of the defendant alone; and, from such act, mutuality cannot be implied, as it was not "something done by both parties in concert," nor "in which both took some part."

Reversed.