12811

BENSE, ADM'X v. O'NEIL *ET AL.*

(151 S. E., 228)

*Messrs. Waring & Brockinton,* for appellant,

*Mr. J. D. E. Meyer,* for respondents,

January 16, 1930.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action by the plaintiff as administratrix of the estate of William H. White, deceased, against the defendants, in claim and delivery, for the possession of a certain automobile in the possession of the defendant Dorothy O'Neill. The defendant Dorothy O'Neill admitted possession and claimed title. The defendant Herndon made no claim to the car and alleged that Dorothy O'Neill was the owner and in possession of it. The contest is therefore between the plaintiff and the defendant Dorothy O'Neill.

The case was tried before his Honor Judge Townsend and a jury, and resulted in a verdict in favor of the defend-

ant Dorothy O'Neill. From the judgment entered thereon the plaintiff has appealed.

The only question in the appeal is the admissibility of certain testimony of the defendant Dorothy O'Neill purporting to give the details of a transaction between herself and the intestate William H. White, which was received over the objection of the plaintiff upon the ground that it was in contravention of Section 708 of the Code of Civ. Proc.

The defendant counters by claiming that the testimony was rendered admissible, under a proviso to the section, by reason of the testimony of the plaintiff as to a conversation between herself and said intestate, in reference to the ownership of the car.

Upon the trial the plaintiff offered in evidence her letters of administration and a bill of sale for the car from A. A. Burriss to the intestate White, showing the payment of $1,200.00 purchase price. Upon cross-examination of her by counsel for the defendant, she was asked how many times she had seen the car and when. She specified a particular time when the intestate (her brother) had come to her house in the car; *that he stated that the car was his,* and asked her to come out and look at it. The counsel *for the defendant* objected to this reply and moved to strike it out, which motion was refused, counsel for plaintiff taking no part in the controversy. Counsel for the plaintiff made no effort to prove any transaction or communication between the plaintiff and the intestate.

The seller of the car had testified for the plaintiff that the intestate had paid him $1,200 for the car; that he had carried the car down to show it to the defendant; that the intestate met them there; and that he and she drove off in the car.

Evidently in an effort to sustain her contention that she had furnished the purchase money for the car, and that it belonged to her, the defendant was allowed to testify, over the objection of the plaintiff, that she had given the intestate a check for $1,200.00 which he indorsed; the check was

offered in evidence, as also was the defendant's bank book showing that it had been charged to her account. The admission of the check and bank book was also objected to by the plaintiff.

The admission of the check and bank book as documentary evidence that the defendant had given (in the sense of delivered) a check for $1,200.00 to the intestate White was not subject to objection under Section 708 of the Code, as that evidence spoke for itself, and could not be considered a transaction or communication between the witness and the deceased.

If the testimony of the plaintiff had been to the effect that she had given the check to White for the purpose of buying the car for her, it would clearly have been inadmissible; but where her testimony was simply that she had delivered a check to White who indorsed it, it amounted to nothing more than the check offered in evidence indisputably showed; and in that view her testimony, if strictly inadmissible, could not possibly have prejudiced the plaintiff.

We do not think that the testimony of the plaintiff above referred to can be said to have opened the door for the admission of the testimony objected to; it had no reference to the transaction or communication between the defendant and White which was objected to.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.