17513

R. Kimble LISENBY, Respondent, v. Grace M. NEWSOM, Individually and as Executrix of the Last Will and Testament of Dr. R. M. Newsom, deceased, Appellant

(107 S. E. (2d) 449)

*Messrs. Henry H. Edens, Henry Hammer* and *Kermit S. King,* of Columbia, *for Appellant,*

*Messrs. H. F. Bell,* of Chesterfield, and *Spruill & Harris,* of Cheraw, *for Respondents,*

*Messrs. Henry H. Edens, Henry Hammer* and *Kermit S. King,* of Columbia, *for Appellant, in Reply,*

March 10, 1959.

STUKES, Chief Justice.

This is a proceeding by respondent to require appellant to satisfy a mortgage of real estate. Secs. 45-67.1 *et seq.,* Code of 1952.

In October 1945 respondent and his brother, N. Bryan Lisenby, purchased Chesterfield Dry Cleaners from L. F. Hartsell and Mrs. Hartsell, the latter being the owner of the real estate. She had during the previous June given appellant's testator, Dr. Newsom, a mortgage upon it, dated the 8th day of June 1945, to secure the payment of the sum of $6,500.00, with interest payable annually and principal payable $50.00 per month beginning August 1, 1945. The case is concerned with this mortgage.

The matter was referred to the master who took the testimony, and concluded and reported that the debt secured by the mortgage was paid in the settlement of the purchase of the property by the Lisenbys, and recommended that appellant be required to enter satisfaction upon it and deliver it to respondent. Upon exceptions to the report of the master it was confirmed and made the judgment of the court.

Appellant attempts to make two points upon appeal, first that the conclusion of the lower court was reached upon a series of presumptions in violation of the principle that a presumption may not be mounted upon a presumption, for which there are cited *Craig v. Clearwater Mfg. Co.,* 189 S. C. 176, 200 S. E. 765, and *Mosley v. Southern Ry. Co.,* 164 S. C. 193, 162 S. E. 94, 95; and second, that the factual conclusions are based upon inferences which were not susceptible of proof thereby because the witnesses to the facts were interested and disqualified by reason of the "Dead Man's Statute", Sec. 26-402 of the Code of 1952, citing *Martin v. Fowler,* 51 S. C. 499, 29 S. E. 261, and *Huntley v. Sullivan,* 170 S. C. 391, 170 S. E. 664.

Some of the evidence which was adduced will be stated. Respondent testified that when agreement was reached in

September 1945 between him and his brother and the Hartsells for the purchase from the latter of the property they employed the late J. Arthur Knight, Attorney, "to do the legal work". The Lisenbys made part payment to the Hartsells in cash and obtained a loan, upon mortgage of the property, from the Bank of Chesterfield for $4,500.00 to provide the balance of the purchase price. Settlement was made in the office of Mr. Knight and check of the Chesterfield Dry Cleaners for $6,500.00 was left with Mr. Knight for payment of the mortgage held by Dr. Newsom. The Hartsells had notified the witness of the existence of the mortgage. The cancelled check could not be produced because it was destroyed along with other old records of the Dry Cleaners which were formerly kept at the home of the witness' brother. The witness purchased the interest of his brother in the dry cleaning business in 1948, after which the old records of the business were destroyed. The witness did not learn until 1957 that the mortgage in controversy remained unsatisfied of record, whereupon he went to see appellant, the executrix of the will of the mortgagee, who told him that she was reasonably sure that the mortgage debt had been paid but asked him for proof; he saw her several times but she would not satisfy the mortgage although admitting that it was paid, because she had no record of the payment.

Respondent's brother, N. Bryan Lisenby, testified in corroboration of respondent that in the settlement for the purchase of the property in the office of Attorney Knight, he, the witness, issued a check for $6,500.00 payable to Dr. Newsom and left it with Mr. Knight. That was the only check ever issued by the witness in that amount. Later when the witness sold his interest in the property and business to his brother in 1949 or 1950, he carried the records of it, which he had been keeping, to his home where they were preserved two or three years until, with the permission of his brother, he burned them to get them out of his way; they included the cancelled checks of the dry cleaning business.

An officer of the bank testified that it made a loan to the Lisenby brothers in 1945 and took from them a mortgage on the property, requiring a certificate of title by Attorney Knight. He identified a carbon copy of such and was sure that the bank obtained the original. It was the usual form of certificate to the effect that the borrowers were the owners of the property, free of liens. The witness produced the ledger sheet of the deposit account in the bank of Chesterfield Dry Cleaners· which showed payment of their check for $6,-500.00 on November 15, 1945. The bank made no copy of the check and the ledger sheet contained its only record of it. Mr. Knight was the bank's attorney to determine that their title was clear. When the witness was later surprised by the information that the mortgage to Dr. Newsom was not satisfied of record he talked to appellant who told him that the health of her husband, Dr. Newsom, was so bad that they went over his papers together and he did not mention this mortgage to her, by reason of which "she felt it had been paid."

Mr. Hartsell, whose wife had given the mortgage in question, and later sold the property to the Lisenbys, testified to the agreement of sale, that the Lisenbys gave him a deposit upon it and he furnished them with a statement showing the balance due after the amount owed to Dr. Newsom, which was $6,500.00, and he gave the information to Attorney Knight and he attended the settlement in the latter's office where he was informed that his wife's mortgage would be cancelled of record. All of the parties to the transaction and Mr. Knight knew of the existence of the mortgage. After learning that the mortgage was open of record and Dr. Newsom dead, the witness and his wife inquired of appellant why she did not satisfy it and she replied that she could not do so without proof in writing that it had been paid. The witness assured her that it had been paid and appellant said that she was of the same opinion because her husband, quoting, "was not the type business man that would let something like that lay over."

One of respondent's counsel testified to the death of Mr. Knight in 1952 and identified the latter's abstract file of the property of the Lisenbys from which he produced the copy of·the certificate of title of the dry cleaning property and it was admitted in evidence. Respondent, recalled, testified further that the original certificate of title was delivered to him by the bank along with his and his brother's mortgage and was destroyed at the same time as were the other old records of the dry cleaning business.

There was no record or other evidence of any part payment, or demand for payment, upon the mortgage debt, dated June 8, 1945, although it provided for annual payment of interest and for successive monthly payments of principal of $50.00 each, beginning August 1, 1945. The mortgagee, Dr. Newsom, died Feb. 4, 1955, and the mortgage was not included in his assets for inheritance or estate tax purposes, admittedly because of the uncertainty, at least, of appellant, the executrix of the estate, as to its status. This long period of dormancy is some evidence of payment of the mortgage debt. *Smithpeter v. Ison's Adm'rs,* 4 Rich. Law 203.

The parties concede that Mr. Knight, now deceased, was a reputable attorney and he was so known to this court. His title certificate to the bank is strong circumstantial evidence that the mortgage was paid as part of the transaction of the sale of the property by the Hartsells to the Lisenbys and the simultaneous mortgage borrowing· by the latter from the bank, all of which was supervised and closed by Mr. Knight in his professional capacity as attorney. The record of the bank was a confirming circumstance. Appellant's extra-judicial admissions belie her present claim.

We view the foregoing evidence as did the master and the trial judge. We think that it established circumstances which point unerringly to the fact that the mortgage debt was paid to Dr. Newsom and that Mr.

Knight negligently failed to procure a satisfaction of it. Payment may, of course, be proved by circumstantial evidence. 70 C. J. S. Payment § 120, p. 333. If it were not so former debtors of decedents, such as respondent here, would often be in bad plight.

The parties agree that this is a proceeding in equity in which concurrent findings of fact of master and court will not be reversed upon appeal unless without supporting evidence or against the clear preponderance of the evidence. In this case, upon careful review of the evidence, we are convinced of the verity of the conclusion of the master which was confirmed by the trial court upon similar review. The report of the master is worthy of the comment that it is unusually clear and strong; and he personally knew the witnesses and had the advantage of observation of them upon the witness-stand.

Turning to appellant's first question—that the factual conclusions rest upon presumption upon presumption—no such question was made by the exceptions to the master's report (and therefore was not decided by the court). Under these circumstances it is not available to her here, and we shall not consider it. *White v. Livingston,* 231 S. C. 301, 98 S. E. (2d) 534. *Wise v. Picow,* 232 S. C. 237, 101 S. E. (2d) 651. In fairness to appellant's present counsel it should be said that it appears that they came into the case after the conclusion of it in the circuit court.

Appellant's other attempted point is here copied from the brief: "An inference of fact necessary to establish a plaintiff's cause of action cannot be drawn from the direct testimony of parties or witnesses in interest where such fact would be susceptible of direct proof by the testimony of the parties or witnesses in interest except for the prohibition of section 26-402 of the Code of Laws of South Carolina 1952, known as the Dead Man's Statute."

It also is unavailable to her because it was not raised in the exceptions to the master's report. The only exception

which related to the "Dead Man's Statute" was as follows: ".Because, it is respectfully submitted, the master erred in his conclusions, that Section 26-402 of Code of Laws of South Carolina 1952, did not cover the testimony submitted in this proceeding and did not involve a transaction or communication between the witnesses and the deceased Dr. R. M. Newsom and that said testimony was not within the inhibition of said statute."

The trial court did not err when it overruled this exception. The above review of the testimony shows that respondent's case was proved, not by evidence of transactions with the deceased mortgagee but of transactions with third parties, notably with the Hartsells, with Mr. Knight and with the bank.

The statute is to be strictly construed rather than extended by construction. *Harris v. Berry,* 231 S. C. 201, 98 S. E. (2d) 251, and cases cited. Incidentally, it is in bad repute with modern writers. II Wigmore, 3rd Ed., 695, Sec. 578. McCormick, p. 142, Sec. 65. The former authority refers to it as a "crude, technical, and unjust method of disqualifying surviving witnesses." P. 697.

It was not error to admit the testimony relating to the issuance of the check payable to Dr. Newsom and that it was left with the attorney for delivery to him; it was not evidence of a transaction between the witness and the deceased Dr. Newsom. It was the secondary evidence of the check and its tenor which spoke, as did the letters in *Harris v. Berry, supra,* and the checks in *Bense v. O'Neil,* 154 S. C. 126, 151 S. E. 228. Our view is also supported by *Johnson v. Broome,* 175 S. C. 385, 179 S. E. 315, relied upon by the trial judge, from the opinion in which the following is quoted: "The testimony of the independent act of the witness in depositing money in the bank to the credit of her brother, there being no additional facts or circumstances connected therewith, would be competent. The mere deposit of money in the bank may have been without the

knowledge or consent of her brother and would, therefore, lack that element of mutuality which is necessary to a transaction. *Jeffords v. Muldrow,* 104 S. C. 388, 89 S. E. 357, 6 A. L. R. 755." The appellant here concedes the admissibility by saying in the brief, "We are not unmindful that a witness can testify as to a fact which involved only separate and independent acts on the part of the witness."

The judgment is affirmed.

TAYLOR, OXNER and LEGGE, JJ., concur.

MOSS, J., did not participate.