19507

T. L. HICKS, Respondent, v. Colden R. BATTEY, Jr., Executor of the Estate of Colden R. Battey, Sr., Appellant

(192 S. E. (2d) 477)

T. *Reeve Sams, Esq.,* of *Levin and Sams,* Beaufort, *for Appellant,*

*Randolph Murdaugh, Jr., Esq.,* of *Murdaugh, Elztroth & Peters,* Hampton, *for Respondent,*

*T. Reeve Sams, Esq.,* of *Levin and Sams,* Beaufort, *for Appellant, in Reply.*

October 25, 1972.

LEWIS, Justice:

This action was brought by plaintiff against Dr. Colden R. Battey, Sr., deceased, to recover for personal injuries sustained when plaintiff was hit and knocked down on a boat landing ramp in Beaufort County by a boat trailer attached to a jeep vehicle. The jeep was operated at the time by Dr. Battey, with whom plaintiff was about to embark on a fishing trip.

The action against Dr. Battey was based upon the alleged negligent and reckless operation of the jeep by him. He died after filing an answer to the complaint and the action was continued against the executor of his estate, resulting in a verdict for plaintiff in the amount of $45,000.00, actual damages. While exception is directed to the sufficiency of

the evidence to sustain the verdict, this appeal by defendant turns upon the disposition of questions raised relating to evidentiary matters.

The first question concerns the competency of plaintiff to testify relative to the facts affecting liability. During the trial, plaintiff was permitted to relate over objection the details of the accident. This testimony was the only evidence upon which a finding of negligence in the operation of the jeep by the deceased could have been based. Decision as to its admissibility is therefore dispositive of the question raised as to the sufficiency of the evidence.

Specifically, plaintiff was permitted to testify that the deceased owned the vehicle and boat involved in the accident; that the deceased was driving the vehicle; that the deceased failed to give plaintiff any warning that deceased intended to put the vehicle in motion; that the deceased drove the vehicle off at a very fast rate of speed; that deceased walked within six feet of plaintiff before getting into his jeep; and that the deceased did not get mad with plaintiff and remained his friend even though this action had been instituted.

Defendant objected to the competency of plaintiff so to testify on the ground that it constituted testimony as to a transaction or communication of the plaintiff with the deceased, defendant's testate, within the inhibition of Section 26-402, 1962 Code of Laws, commonly referred to as the dead man statute.

The question then is whether the accident in which the deceased negligently inflicted injury upon the plaintiff constituted a transaction or communication between plaintiff and deceased, within the meaning of Section 26-402, so as to render plaintiff incompetent to testify thereabout.

The general rule in this State, with reference to the exclusion of a witness because of interest, is set forth in Code Section 26-404, which provides as follows: "No person offered as a witness shall be excluded by reason of his interest in the event of the action."

There are certain statutory exceptions to the foregoing rule, among them Section 26-402, which applicable here, provides:

"No person who has a legal or equitable interest which may be affected by the event of the action or proceeding, . . . shall be examined in regard to any transaction or communication between such witness and a person at the time of such examination deceased, . . . as a witness against a party then prosecuting or defending the action as executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee or survivor of such deceased person . . ., when such examination or any judgment or determination in such action or proceeding can in any manner affect the interest of such witness . . . "

Defendant relies upon the provisions of the foregoing section which prohibit the examination of a witness "in regard to any transaction or communication between such witness and a person . . . deceased."

Since Section 26-402 is in restriction of the general rule (Section 26-404), it is to be strictly construed and will not be extended by construction beyond its clearly expressed terms. *Harris v. Berry,* 231 S. C. 201, 98 S. E. (2d) 251; *Lisenby v. Newsom,* 234 S. C. 237, 107 S. E. (2d) 449.

We have long held that the word *transaction* as used in Section 26-402, means a carrying on or through of any matter or affair, and implies mutuality; something done by both in concert, in which both take some part. *Sullivan v. Latimer,* 38 S. C. 158, 17 S. E. 701, *Jeffords v. Muldrow,* 104 S. C. 388, 89 S. E. 357; *Burns v. Caughman,* 255 S. C. 199, 178 S. E. (2d) 151.

*Sullivan* involved the claim of a doctor for services rendered to the deceased. In holding admissible testimony of the doctor as to the physical condition of the deceased and the proportion of a physician's time required in looking after his health, the court stated:

"It seems to us that this testimony was from the observation of Dr. Latimer himself as to what he saw, which could not be said to be a *'transaction,'* which implies mutuality,— something done by both in concert, in which both take some part."

The necessity that there be mutuality or concert of action to constitute a transaction eliminates a fortuitous, involuntary act, such as here involved. The plaintiff simply related from his observation the physical situation and how the accident happened. His testimony concerned the independent, involuntary acts of the deceased. In keeping with the rule of strict construction applicable to the statute, we hold that the accident in this case did not constitute a *transaction or communication between* plaintiff and the deceased. See: *Farley v. Collins,* Fla., 146 So. (2d) 366.

An annotation on the subject may be found in 80 A. L. R. (2d) 1296.

It is next charged that error was committed in allowing testimony as to plaintiff's loss of income or profits. Objection to this testimony was upon the ground that there were no allegations in the complaint that such loss had been sustained. The basis of this objection was removed during the trial when the court, on motion of plaintiff, permitted the complaint to be amended so as to specifically allege loss of income as an element of damage. The allowance of such amendment was within the discretion of the trial judge, and no abuse thereof has been shown. *Anders v. Nash,* 256 S. C. 102, 180 S. E. (2d) 878.

Error is also charged in submitting to the jury loss of income and profits as an element of damage. It is contended that the testimony was so vague and indefinite as to afford the jury no reasonable basis on which to determine loss of income or profits.

Plaintiff was injured on October 11, 1967. He testified as to the income received from his business from January 1967 until the date of his injury and that he had received

no income since. Testimony as to his earnings for the ten month period immediately preceding the injury was admissible and afforded a reasonable basis upon which to determine loss of income. Loss of income or profits was therefore properly submitted as an element of damage.

The remaining question, which concerned the admissibility of the mortality table, has been abandoned.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.