21239

**Betty Miller STARNES, Administratrix of the Estate of Billy Ray Starnes, Appellant, v. Darrel MILLER, Respondent.**

(266 S. E. (2d) 790)

*Marshall W. Abercrombie,* Laurens, *for appellant.*

*Burns, McDonald, Bradford, Erwin & Patrick,* Green-wood, *Eston W. Page,* Laurens, and *Foster & Richardson,* Greenville, *for respondent.*

May 22, 1980.

LEWIS, Chief Justice:

The question to be decided in this appeal is whether the one-car accident in this case constituted a "transaction" within the meaning of Section 19-11-20, South Carolina Code of Laws 1976 (commonly referred to as the dead man statute), so as to render incompetent testimony of respondent, the sole surviver, relative to the identity of the driver and the speed of the vehicle at the time of the accident. The appeal is by the plaintiff from a jury finding that "neither party should recover from the other."

Appellant's intestate was one of those killed in the accident and this action for wrongful death was brought against

respondent upon allegations that he (respondent) was the driver at the time of the collision. Respondent counterclaimed for his damages, alleging that appellant's intestate was the driver. The identity of the driver was, therefore, a basic issue in the trial. Respondent, the sole survivor, was the only eye witness. The trial judge permitted him, over objection, to testify as to the speed of the vehicle and that appellant's intestate was the driver when the collision occurred. The admissibility of this testimony of respondent is the sole issue in this appeal.

Appellant contends that respondent's testimony as to the identity of the driver and the speed of the vehicle was inadmissible as violative of Section 19-11-20, *supra,* in that the one-car accident was a "transaction" between respondent and appellant's intestate. It is conceded that, if the accident was a "transaction" within the meaning of Section 19-11-20, the testimony in question was inadmissible and the trial judge was in error; and, if it was not a "transaction" within the meaning of the statute, then the testimony was admissible and the judgment must be affirmed.

We think that our comparatively recent case of *Hicks v. Battey,* 259 S. C. 426, 192 S. E. (2d) 477, controls disposition of the present issue. In that case, the parties were about to embark on a fishing trip when the plaintiff (*Hicks*) was struck by the boat and trailer operated by the deceased. We there upheld admission of testimony by the plaintiff as to the operation of the boat and trailer. Although in *Hicks* the parties were engaged in joint activities preparatory to going on a fishing trip, we permitted the testimony, stating:

"The plaintiff simply related from his observation the physical situation and how the accident happened."

We pointed out in *Hicks* that the word "transaction", as used in the statute, implies mutuality; something done in concert, in which both take some part. The *operation of the boat and trailer in that case was an indepen-*

dent act of the deceased and lacked the mutuality necessary to consitute a "transaction." So, in the present case, the testimony of respondent concerned the independent act of appellant's intestate in operating the vehicle; he simply related what he saw.

We, therefore, hold that the accident in this case did not constitute a transaction between respondent and appellant's intestate.

The judgment is affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., and WALTER T. Cox, III, Acting Associate Justice, concur.